The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Danny Joe MOORE, Defendant-Appellee.

The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Ralph GRIFFITH, Defendant-Appellee.

The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Sheryl IRISH, Defendant-Appellee.

Nos. 82SA561, 82SA578 and 83SA35.

Supreme Court of Colorado, En Banc.

Jan. 9, 1984.

Alexander M. Hunter, Dist. Atty., Ann B. Stone, Deputy Dist. Atty., Boulder, for plaintiff-appellant in No. 82SA561.

Peter Schild, Deputy State Public Defender, Boulder, for defendant-appellee in No. 82SA561.

Gregory F. Long, Dist. Atty., Randall W. Klauzer, Asst. Dist. Atty., Steamboat Springs, for plaintiff-appellant in Nos. 82SA578, 83SA35.

Carlyle V. Perry, Steamboat Springs, for defendant-appellee in No. 82SA578.

No appearance for defendant-appellee in No. 83SA35.

DUBOFSKY, Justice.

In these consolidated appeals [1] the People challenge the district court rulings declaring unconstitutional section 18–5–306, C.R.S. (1978 Repl.Vol. 8) (1982 Supp.),[2] which prohibits the sale or distribution of counterfeit controlled substances, and the possession of such substances with intent to sell or distribute them. The district courts ruled that the "reasonable person" standard in the definition of a counterfeit controlled substance in section 18–5–306(1)(b) is either vague or overbroad. We reverse the district court rulings, and remand all three cases for further proceedings.

The defendant in each case was charged with violating section 18–5–306(2).[3] Each defendant then moved to have the charges dismissed on the ground that 18–5–306 is facially unconstitutional. Section 18–5–306 provides:

**Counterfeit or imitation controlled substances.**

(1) As used in this part 3, unless the context otherwise requires:

(a) "Controlled substances" means any drug or other substance or an immediate precursor which is declared to be a controlled substance under part 3 of article 22 of title 12, C.R.S.1973.

(b) "Counterfeit or imitation controlled substances" means any substance which is not a controlled substance, but which is expressly or impliedly represented to be a controlled substance and which is of such nature, packaging, or appearance as to lead a reasonable person to believe that the substance is a controlled substance.

(2) Except as authorized by law, any person who sells, manufactures, dispenses, or distributes or who possesses with intent to sell, manufacture, dispense, or distribute a counterfeit controlled substance commits a class 4 felony.

(3) In any prosecution under this section, it is no defense that the accused believed the counterfeit or imitation substance to actually be a controlled substance.

In each case the motion to dismiss was granted on the ground that the "reasonable person" standard in subsection (1)(b) is either vague or overbroad, rendering the entire section unconstitutional. The courts ruled:

If the "reasonable person" language applies to the prospective purchaser, the statute is unconstitutionally vague. "Reasonable persons" are not lawbreakers or drug traffickers and would, therefore, have no basis for believing or not believing that the substance is a controlled substance. . . .

If the "reasonable person" language applies to the defendant's conduct, as it must to meet constitutional requirements, the statute is unconstitutionally overbroad. A similar "reasonable cause to believe" standard was held to be unconstitutional by the Colorado Supreme Court in *People v. Johnson*. . . .

■ To uphold the district courts' rulings, the defendants must persuade us that the definition in section 18–5–306(1)(b) is not subject to a constitutional construction. A penal statute is unconstitutionally vague if it "forbids or requires the doing of an act

---

1. These appeals are essentially three appeals from the same ruling. Justice Neighbors, at the time a Boulder District Court Judge, issued the original ruling in *People v. Moore*, No. 82SA561. Judge Doucette incorporated the Neighbors ruling in *People v. Griffith*, No. 82SA578, and *People v. Irish*, No. 83SA35. On our own motion we consolidate the appeals. C.A.R. 3(b).

2. Section 18–5–306, C.R.S. (1978 Repl.Vol. 8) (1982 Supp.), has since been repealed and replaced with more comprehensive legislation. The "Imitation Controlled Substances Act," Colo.Sess.Laws 1983, ch. 201, 18–5–601 to –606

at 702–04, became effective July 1, 1983, and applies to offenses committed on or after that date. The new legislation does not contain the "reasonable person" standard examined in this opinion.

3. Defendant Moore allegedly sold four pieces of plastic represented to be "windowpane acid" to undercover police officers. Defendant Griffith was charged with possession with intent to sell lidocaine hydrochloride represented to be cocaine. Defendant Irish allegedly sold tablets represented to be "white cross speed."

in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *People v. Allen,* 657 P.2d 447, 449 (Colo.1983). The established rule is that a statute is presumed constitutional, and the burden falls upon the party attacking the statute to establish its unconstitutionality beyond a reasonable doubt. *People v. Alexander,* 663 P.2d 1024 (Colo.1983); *Bollier v. People,* 635 P.2d 543 (Colo.1981). If the statute is susceptible of different constructions, one of which is constitutional, the constitutional construction must be adopted. *People v. Alexander, supra; People ex rel. City of Arvada v. Nissen,* 650 P.2d 547 (Colo.1982). Due process of law does not require mathematical exactitude in legislative draftsmanship. *People v. Alexander, supra; People ex rel. City of Arvada v. Nissen, supra.* While a statute must be sufficiently specific to give fair warning of the proscribed conduct, it also must remain "sufficiently general to address the essential problem under varied circumstances and during changing times." *People v. Allen,* 657 P.2d at 449; *Colorado Auto and Truck Wreckers v. Department of Revenue,* 618 P.2d 646, 651 (Colo.1980).

We believe that the "reasonable person" standard in section 18–5–306(1)(b) is subject to a constitutional construction. The district courts ruled that if the "reasonable person" standard applies to purchasers, it is vague because reasonable persons would not know what controlled substances look like. We construe the "reasonable person" standard of section 18–5–306(1)(b) to refer to the significance that a reasonable person would attribute to the physical characteristics of the substance obvious to a prospective purchaser. The statute requires that the prosecution prove beyond a reasonable doubt, in addition to the other elements of the crime, that the nature, packaging or appearance of the counterfeit controlled substance would lead a "reasonable person" to believe that it is a controlled substance. In other words, the prosecution must prove that the counterfeit controlled substance looks reasonably like a controlled substance.

This is a proper inquiry for the finder of fact. In *People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972), this court held: "[T]he fact that a penal statute is framed in a way such as to require a jury to determine a question of reasonableness does not make it too vague to afford a practical guide to acceptable behavior." 493 P.2d at 1085. In *Prante* we rejected the defendant's argument that the statute forbidding assaults on police officers, 1967 Perm.Supp., C.R.S. 1963, 40–7–54, was unconstitutional because of language requiring that a defendant "knew or reasonably should have known that the person assaulted was a peace officer engaged in the performance of his duties." We held that a jury could properly determine the question of reasonableness.

In *People v. Beaver,* 190 Colo. 554, 549 P.2d 1315 (1976), this court upheld the deviate sexual intercourse statute, 1971 Perm. Supp., C.R.S.1963, 40–3–404(1)(a) in the face of a vagueness challenge. The statute provided that a person commits "deviate sexual intercourse by imposition if: (a) He compels the other person to participate by any threat less than [a threat of imminent death, serious bodily harm, extreme pain, or kidnapping] but of sufficient consequence *reasonably* calculated to prevent resistance." (Emphasis added.) We held: "A conviction depends on the factfinder's determination (from the standpoint of that of a reasonable person) that the threat used by the defendant was sufficient enough to be *reasonably* calculated to prevent resistance by the victim." 549 P.2d at 1316 (emphasis added by court). Quoting *People v. Prante, supra,* we concluded that the statute provided a fair description of the forbidden conduct.

The defendants assert that this line of reasoning was overruled by *People v. Johnson,* 193 Colo. 199, 564 P.2d 116 (1977). In *Johnson,* this court held:

[T]hat portion of [the theft by receiving statute, section 18–4–401(1) and (2), C.R.S. (1976·Supp.)] defining the mental

state as including "having reasonable cause to believe" is unconstitutional by reason of overbreadth.... There is a constitutional proscription against conviction of a defendant charged with felony theft if it is predicated upon his negligence or his failure to exercise the intelligence of an ordinary prudent mind. The standard of culpability, in order to be constitutional, must be what the state of mind of the particular defendant was, not what a jury concludes might be that of a fictional reasonably prudent man.

564 P.2d at 117–18. Although the "reasonable person" standard is not vague, the defendants argue that the counterfeit controlled substances statute is unconstitutional because it contains the mental state requirement struck down in *Johnson*. We disagree.

■■■ Section 18–5–306, C.R.S. (1978 Repl.Vol. 8) (1982 Supp.) does not contain an explicit statement of the culpable mental state required for a conviction. We have held that because a crime ordinarily requires the conjunction of an act and a culpable mental state, legislative silence on the element of intent in a criminal statute is not to be construed as an indication that no culpable mental state is required. *People v. Hart,* 658 P.2d 857 (Colo.1983); *People v. Bridges,* 620 P.2d 1 (Colo.1980) (*Bridges II*). Rather, the requisite mental state may be implied from the statute. *People v. Hart, supra; People v. Mattas,* 645 P.2d 254 (Colo. 1982); *Bridges II, supra; People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980) (*Bridges I*); *People v. Washburn,* 197 Colo. 419, 593 P.2d 962 (1979). Section 18–1–503(2), C.R.S. (1978 Repl.Vol. 8). We conclude that the mental state "knowingly" is implied by the counterfeit controlled substances statute and is required for a conviction of sale or distribution of counterfeit controlled substances or the possession of such substances

with the intent to sell or distribute them. The People admit this requirement.

■■ The "reasonable person" language in the counterfeit controlled substances statute modifies only the "nature, packaging, or appearance" of the substance. This use of the "reasonable person" standard is different from the use of the "reasonable person" standard in *Johnson,* where the reasonableness language appeared as an alternative mental state required for committing the crime.[4] Here, the "reasonable person" standard is not an element of knowledge or mental state required to commit the crime. The inclusion of the language in section 18–5–306(1)(b) "... which is of such nature, packaging, or appearance as to lead a reasonable person to believe that the substance is a controlled substance" is much more like the statutory language in *Prante, supra,* requiring that a defendant "knew or reasonably should have known that the person assaulted was a peace officer engaged in the performance of his duty." In *Prante,* 493 P.2d at 1086, and in a special concurrence in *Johnson,* 564 P.2d at 119 (Erickson, J., specially concurring) contrasting *Johnson* and *Prante,* the *Prante* "reasonable person" standard was described as "a beneficial inurement to anyone charged under the statute."

■■ The General Assembly could have punished the sale of counterfeit controlled substances without requiring that the substances sold look reasonably like a controlled substance. The added element is a "beneficial inurement" to anyone charged under the statute.[5] In this context the "reasonable person" standard is neither unconstitutionally vague nor does it contain an unconstitutional mental state requirement.

4. In *Johnson,* this court described the statute at issue as containing the following elements:
(1) Receiving a thing of value;
(2)(a) knowing or
(b) believing or
(c) having a reasonable cause to believe that the article had been stolen;

(3) with specific intent to deprive the lawful owner thereof permanently.
*Johnson,* 564 P.2d 116, 118.

5. The definition of counterfeit controlled substances specifies that the material in question be "expressly or impliedly represented to be a controlled substance." Section 18–5–306(1)(b).

The district court rulings rely upon the majority language in *Johnson* to hold that if the "reasonable person" language applies to a defendant's conduct it is unconstitutionally overbroad. Neither the *Johnson* opinion nor the district court rulings explain the relevance of the overbreadth doctrine, normally utilized in freedom of speech or association cases, to the statutes under consideration. The "reasonable person" standard in *Johnson* was unconstitutional because it was part of the mental state element of the crime. In any event, our holding that the "reasonable person" standard does not apply to the defendant avoids the overbreadth issue.

Judgment reversed.

NEIGHBORS, J., does not participate.