The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Renee TREVINO, Defendant–Appellant.

No. 90CA1613.

Colorado Court of Appeals, Div. III.

Dec. 5, 1991.

As Modified on Denial of Rehearing Jan. 9, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., John D. Dailey, Deputy Atty. Gen., Denver, for plaintiff-appellee.

George Homm, Burlington, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Renee Trevino, appeals a judgment of conviction entered on jury verdicts finding him guilty of felony theft over $300, conspiracy to commit theft, and contributing to the delinquency of a minor. We reverse and remand for a new trial.

The charges against defendant were brought as the result of an incident in which several persons broke into a high school building, vandalized the structure, and stole electronic equipment. During its deliberations, the jury sent a question to the judge with respect to the *mens rea* element of contributing to the delinquency of a minor. The court's response was a supplemental jury instruction to which defense counsel objected.

Later, upon reaching its verdicts, the jury sent another note to the judge informing him that one juror had not heard much of the testimony presented on the second day of trial. After questioning the juror and learning that she had not worn her hearing aid on the second day of trial, the court denied defense counsel's motion for mistrial.

## I.

Defendant first contends the court erred in denying his motion for mistrial based on a violation of his right to a trial by a jury of twelve. We agree.

The record here discloses that, during the second day of a two-day trial, the only witness linking defendant to the crime scene testified. However, this witness had initially given an account to the police that was different from that to which he testified. Further, the evidence disclosed that before this witness testified, he and the prosecutor had struck a deal with respect to a charge then pending against him.

One of the twelve jurors was hard of hearing. While she wore a hearing aid during the first day of trial, she forgot to wear it during the second day. Therefore, she was unable to hear the witnesses respond to a number of questions, particularly when they turned their heads away from the jury. She stated that her inability to hear all of the testimony impaired her ability to make sense of the testimony, and she admitted that on at least two occasions she misunderstood the testimony and asked another juror for clarification.

The court concluded that, because the juror was unable to hear a substantial portion of the testimony presented on the second day of trial, defendant's constitutional right to a trial before a jury of twelve was adversely affected. Nonetheless, the trial court found the error to be harmless beyond a reasonable doubt because, in its opinion, the evidence against the defendant was overwhelming. We reach a contrary conclusion.

▄▄ A defendant charged with a criminal offense in a court of record is constitutionally and statutorily guaranteed a jury of twelve. Colo. Const. art. II, § 23; *People v. Boulies*, 690 P.2d 1253 (Colo.1984). And, here, as the trial court found, the inability of the one juror to hear infringed upon defendant's rights in this regard.

▄▄ Furthermore, in our view, the prejudice occasioned by the juror's inability to hear a substantial portion of the testimony was pervasive and requires that defendant be granted a new trial. The juror did not simply miss isolated portions of the testimony, but was unable to hear substantial amounts of material testimony by a key witness.

As the court noted in *Commonwealth v. Brown*, 231 Pa.Super. 431, 332 A.2d 828 (1974):

> While a juror is not disqualified per se because of his deafness, where the deafness is of such a degree as to indicate that the juror may not have heard material testimony, the juror must be disqualified, rendering any verdict he gave as meaningless.

Moreover, a juror cannot be aware of what she cannot hear. Thus, the juror here could not participate in meaningful discussions during the deliberative stage of the trial nor decide the case intelligently. The effect of the juror's inability to hear the testimony was tantamount to the juror not being in attendance for more than one-third of the trial, thus denying the defendant the right to a jury of twelve.

Finally, even if we were to assume that a harmless error analysis would be appropriate in these circumstances, we disagree with the trial court that the juror's lack of hearing was harmless. It was defendant's theory of defense that the only witness who testified about defendant's involvement in the crimes was not credible. The record shows that the credibility of this witness was certainly at issue. Further, none of the physical evidence collected at the crime scene linked defendant to the offenses charged.

In this state of the record, we cannot say that the juror's inability to hear a substantial portion of the testimony was harmless beyond a reasonable doubt. Indeed, the failure of one juror to participate meaningfully cannot be justified on the basis that those jurors who did participate found the testimony to be credible. Hence, we conclude that the juror's inability to hear denied the defendant the right to a fair trial and that the court abused its discretion in refusing to declare a mistrial.

## II.

We address defendant's remaining contention of error with respect to the *mens rea* element of contributing to the delinquency of a minor because it may arise on retrial.

Section 18–6–701(1), C.R.S. (1991 Cum. Supp.) provides:

Any person who induces, aids, or encourages a child to violate any federal or state law, municipal or county ordinance, or court order commits contributing to the delinquency of a minor.

Prior to 1987, a statute similar to the present statute was to be found in the Children's Code. *See* § 19–3–119, C.R.S. (1986 Repl.Vol. 8B).

Because the statute does not contain an express *mens rea* element, the court instructed the jury that the culpable mental state of this offense was "knowingly." *See* § 18–1–503(2), C.R.S. (1986 Repl.Vol. 8B).

During its deliberations the jury sent a note to the judge containing the following question:

[D]oes the word *knowingly* mean that he knew whether the person(s) was/were below the age of 18?

In response, and over defendant's objection, the court submitted the following supplemental instruction to the jury:

In any criminal prosecution for contributing to the delinquency of a minor, it shall be no defense that the defendant did not know the child's age or that he reasonably believed the child to be eighteen years of age or older.

We agree with the defendant that the court erred in giving this supplemental instruction.

 If a statute defining an offense does not contain an explicit requirement for a culpable mental state, the *mens rea* may, nevertheless, be implied from its terms. *People v. Moore,* 674 P.2d 354 (Colo.1984); *see also* § 18–1–503(2) Here, the court properly determined that the *mens rea* applicable to contributing to the delinquency of a minor is "knowingly."

 If a statute defining an offense contains a specific *mens rea* requirement, that mental state is deemed to apply to every element of the offense. Section 18–1–503(4), C.R.S. (1986 Repl.Vol. 8B). The same rule must also be applied if the statute simply implies a *mens rea.* Accordingly, the requisite mental state of "knowingly" must be deemed to apply to every element of the offense of contributing to the delinquency of a minor, including the element of age, and the jury should have been so instructed.

In regard to this issue, neither party has referred to § 18–3–406, C.R.S. (1986 Repl. Vol. 8B), which addresses the affirmative defense of a reasonable, but mistaken, belief as to the age of a child, nor has either party argued that its terms are applicable to the crime of contributing to the delinquency of a minor. Hence, we shall not consider its applicability here.

The judgment is reversed, and the cause is remanded for a new trial.

METZGER and NEY, JJ., concur.