Kenneth C. GORMAN, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

Kim Hastings, Petitioner,

v.

The People of the State of
Colorado, Respondent.

Nos. 99SC94, 99SC145.

Supreme Court of Colorado,
En Banc.

June 26, 2000.
As Modified July 24, 2000.*

---

* Justice Martinez not participating.

David Kaplan, Colorado State Public Defender, Karen M. Gerash and Elizabeth Griffin, Deputy State Public Defenders, Denver, Colorado, Attorneys for Petitioners.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Alan J. Gilbert, Solicitor General, Evan W. Jones, Assistant Attorney General, Appellate Division, Denver, Colorado, Attorneys for Respondents.

Justice HOBBS delivered the Opinion of the Court.

Colorado's contributing to the delinquency of a minor statute provides that any person "who induces, aids, or encourages a child to violate any federal or state law, municipal or county ordinance, or court order" commits a felony. § 18–6–701, 6 C.R.S. (1999). We granted certiorari and consolidated these two cases to determine whether the culpable mental state of "knowingly" applies to the age element of the statute.[1] We agree with the trial court and court of appeals in both cases that it does not. Accordingly, we uphold the convictions of Kenneth C. Gorman and Kim Hastings (collectively "defendants").

## I.

### A. Gorman

On September 18, 1995, an informant for the Lakewood police department arranged a drug buy between himself and James Smith (Smith), a minor. The informant made arrangements with Smith to purchase approximately two to three pounds of marijuana. At this time, Lakewood police were targeting Smith and his unknown source for dealing marijuana.

The informant, who was wearing a pager-like recording device, met Smith in a store parking lot. After the informant gave Smith some of the money, Smith retrieved the marijuana from a car parked nearby and brought it to the informant's car. When the informant gave the agreed-upon signal, the police approached and arrested Smith. The police also arrested Kenneth C. Gorman (Gorman), the owner and occupant of the car Smith had visited for the marijuana. They found the informant's money and several bags of marijuana in Gorman's car.

Gorman was charged with several offenses, including contributing to the delinquency of a minor. See § 18–6–701. Gorman's trial commenced on September 24, 1996. During trial, Gorman, acting pro se,[2] introduced into evidence a videotaped statement he gave to the police after his arrest. In that statement, Gorman told police that he assumed

---

1. In *Gorman v. People,* 99SC94, we granted certiorari on the following issue:

   Whether the Court of Appeals erred, contrary to section 18–1–503 and its own opinion in *People v. Trevino,* 826 P.2d 399 (Colo.App. 1991), by concluding that the mental state of knowingly does not apply to each element of the offense of contributing to the delinquency of a minor.

   In *Hastings v. People,* 99SC145, we granted certiorari on a similar issue:

   Whether the offense of contributing to the delinquency of a minor includes the element of knowledge of the person's minor status, as set out in *People v. Trevino,* 826 P.2d 399 (Colo. App.1991), and whether a jury verdict on that element is therefore required.

2. Gorman was represented by counsel in the court of appeals and before us.

Smith was seventeen or eighteen years old. However, the police officer who arrested Gorman testified that, previous to the videotaped statement, Gorman told him that Smith was sixteen or seventeen years old. In his closing statement, Gorman argued that he believed Smith to be over the age of eighteen.

### B. Hastings

On January 31, 1996, Kim L. Hastings (Hastings) was at home recuperating from back surgery and took medication, including Diazepam, for pain control. Hastings's son brought some friends home, including a girl he introduced to his mother as "Desiree." "Desiree" was in fact a thirteen-year-old runaway named Angelina. Hastings testified at trial that she believed Angelina to be one of her son's eighteen-year-old friends, who is actually named Desiree. She claimed that she did not find out Angelina was thirteen until the following day.

Angelina testified that Hastings offered Angelina some of her pain medication pills. Hastings disagreed, and testified that although Angelina asked Hastings for Valium (a brand of Diazepam), Hastings refused, and instead gave Angelina two ibuprofen pills. The next morning, police knocked on Hastings's door, looking for Angelina, whom they knew to be a runaway. They took Angelina to the police station where she told the officers that Hastings had given her six brownish pills; police then brought Angelina to the hospital for examination. Hospital staff told police that Angelina's symptoms and demeanor were consistent with use of Diazepam.

The police executed a search warrant of Hastings's apartment wherein they seized the remaining Diazepam pills, which were green in color. Police brought Hastings to the police station for questioning; during her interview, Hastings initially denied giving Angelina any pills. She then confessed to giving Angelina two Diazepam tablets but subsequently recanted the confession, asserting that it was obtained by coercion.

Hastings was charged with contributing to the delinquency of a minor. *See* § 18–6–701. Her trial began on October 1, 1996.

### C. Procedural History

The same district court judge presided over both the Gorman and Hastings trials. In both cases, the judge instructed the jury on the elements of contributing to the delinquency of a minor in accordance with the pattern Colorado jury instruction, COLJI–CRIM. No. 22:11 (1993 Supp.), which provides:

The elements of the crime of contributing to the delinquency of a minor as charged in count five are:
1. That the defendant,
2. in the State of Colorado, at or about the date and place charged,
3. knowingly,
4. induced, aided, or encouraged,
5. a person under the age of eighteen,
6. to violate a state law, to-wit: [Distribution of Marihuana, as defined in these instructions.] [Unlawful Use of a Controlled Substance Schedule IV, Diazepam, as defined in these instructions.]

During jury deliberations, both juries sent a note to the trial court inquiring whether "knowingly" applied to the age element in the contributing to the delinquency of a minor instructions. In *Gorman*, the jury inquired:

On Count # five: Does the word "knowingly" apply to only element # 4 "induced, aided, or encouraged," or does it apply to element # 5 also "a person under the age of eighteen"[?] In other words did the defendant need to know that the person he sold the marihuana was under eighteen at the time of the crime[?]

In *Hastings*, the question from the jury was:

On count one—does "knowingly" refer to Angelina being under 18 as a fact or as Kim knowing she was under 18? Did the prosecution have to prove that Kim was aware she was under 18? (for count one).

Over the defendants' objections, the trial court submitted a supplemental instruction to the jury. In both cases it stated:

In response to your question, you are instructed that the mental culpability of "knowingly" as defined previously in the

instructions applies only to the element of inducing, aiding, or encouraging a violation of state law under the elements of contributing to the delinquency of a minor. It does not apply to element 5 requiring the other person to be under the age of eighteen.

*Gorman's jury* subsequently found him guilty of two counts of distribution of marijuana, *see* § 18–18–406(8)(b)(I), 6 C.R.S. (1999); possession of greater than eight ounces of marijuana, *see* § 18–18–406(4)(b)(I), 6 C.R.S. (1999); conspiracy to distribute marijuana, *see* §§ 18–2–201(1), –18–406(8)(b)(I), 6 C.R.S. (1999); and contributing to the delinquency of a minor, *see* § 18–6–701. The trial court sentenced Gorman to the custody of the Department of Corrections for three years. In the *Hastings* case, the jury entered a guilty verdict for contributing to the delinquency of a minor, *see* § 18–6–701, and distribution of a schedule IV controlled substance, *see* § 18–18–405(2)(c)(I), 6 C.R.S. (1999). The trial court sentenced Hastings to probation.

Defendants appealed and, in published opinions, the court of appeals affirmed. *See People v. Hastings,* 983 P.2d 78, 80 (Colo. App.1999); *People v. Gorman,* 983 P.2d 92, 92 (Colo.App.1998). Both divisions concluded that the affirmative defense found in section 18–3–406(1) manifested a legislative intent that the culpable mental state of "knowingly" did not apply to the juvenile's age. We affirm the judgment of the court of appeals in both cases, but for a different reason.

## II.

■ We hold that the culpable mental state of "knowingly" does not apply to the age element of the crime of contributing to the delinquency of a minor.

### A. Mens Rea Requirement

Section 18–6–701(1) classifies the act of contributing to the delinquency of a minor as a class 4 felony. It states:

Any person who induces, aids or encourages a child to violate any federal or state law, municipal or county ordinance, or court order commits contributing to the delinquency of a minor. For the purposes

of this section, the term "child" means any person under the age of eighteen years. § 18–6–701(1). The statute does not expressly describe a culpable mental state for the crime of contributing to the delinquency of a minor.

■ In interpreting a statute, we give effect to the intent of the legislature. *See Cooper v. People,* 973 P.2d 1234, 1239 (Colo. 1999). The power to define criminal conduct and to establish the legal components of criminal liability is vested in the General Assembly. *See* Colo. Const. art. V, § 1; *Copeland v. People,* 2 P.3d 1283, 1286 (Colo. 2000). Generally, in order to subject a person to criminal liability, there must be concurrence of the actus reus, an unlawful act, and the mens rea, a culpable mental state. *See People v. Torres,* 848 P.2d 911, 914 (Colo. 1993).

■ When, as here, no culpable mental state is expressly designated in the statute defining the offense,

a culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such a culpable mental state.

§ 18–1–503(2), 6 C.R.S. (1999). We have held that legislative silence on the element of intent in a criminal statute is not to be construed as an indication that no culpable mental state is required. *See People v. Moore,* 674 P.2d 354, 358 (Colo.1984). Rather, the requisite mental state may be implied from the statute. *See id.; People v. Gross,* 830 P.2d 933, 940 (Colo.1992).

■ In *People v. Trevino,* 826 P.2d 399, 402 (Colo.App.1991), the court of appeals stated that the mens rea applicable to contributing to the delinquency of a minor is "knowingly." We agree with *Trevino* that the culpable mental state of knowingly applies to the *act* of contributing to the delinquency. In order to be convicted of the offense of contributing to the delinquency of a minor, a person must know that he or she is inducing, aiding or encouraging someone to violate a "federal or state law," a "municipal or county ordinance," or a "court order."

*See* § 18–6–701(1). Construing other statutes, we have held that the mens rea of knowingly applies to the act enunciated in the statute defining the offense when the statute does not specify a culpable mental state. *See, e.g., Moore,* 674 P.2d at 358 (concluding that "the mental state 'knowingly' is implied by the counterfeit controlled substances statute and is required for a conviction of sale or distribution of counterfeit controlled substances").

▮ Based on the court of appeals decision in *Trevino,* 826 P.2d 399, the defendants argue that the culpable mental state of knowingly applies to all elements of the contributing to the delinquency of a minor statute, including the age provision. In that case, the court relied on section 18–1–503(4), 6 C.R.S. (1999), to hold that if a statute *implies* a mens rea, that mens rea must be applied to all elements of the statute. *See Trevino,* 826 P.2d at 402. However, section 18–1–503(4) applies only when the statute *expresses* a mens rea requirement:

> When a statute defining an offense *prescribes as an element thereof a specified culpable mental state,* that mental state is deemed to apply to every element of the offense unless an intent to limit its application clearly appears.

(Emphasis added.) Accordingly, section 18–1–503(4) is inapplicable to the contributing to the delinquency of a minor statute as the General Assembly did not specify a culpable mental state in the statute. Instead, section 18–1–503(2), which applies when statutes do not contain a specified mens rea, guides our decision of the cases before us.

## B. Age Element

▮ Elements of a particular offense may have differing mens rea requirements. Section 18–1–503(2) specifically states that a culpable mental state may be required with respect to "some or all of the material elements" of the offense. The culpable mental state of a statute may speak to conduct, circumstances, result, or any combination thereof, but not necessarily to all three. *See Copeland,* 2 P.3d at 1286.

▮ In construing a statute, we consult the legislative context. *See Gross,* 830 P.2d at 940 (stating that "perhaps the best guide to intent is the declaration of policy which frequently forms the initial part of enactment"). Here, we look to the origination of the contributing to the delinquency of a minor statute in determining whether the mens rea requirement applies to the age element.

The General Assembly passed Colorado's first contributing to the delinquency of a minor statute in 1903. *See* An Act to Provide for the Punishment of Persons Responsible for or Contributing to the Delinquency of Children, ch. 94, 1903 Colo. Sess. Laws 198; *see also Gibson v. People,* 44 Colo. 600, 600–01, 99 P. 333, 333 (1909). This statute was the first of its kind in the United States. *See id.; see also* Gilbert Geis & Arnold Binder, *Sins of Their Children: Parental Responsibility for Juvenile Delinquency,* 5 Notre Dame J.L. Ethics & Pub. Pol'y 303, 305 (1991). The contributing to the delinquency of a minor statute resided in the Children's Code until 1987, when the General Assembly recodified the statute and moved it to section 18–6–701, 6 C.R.S. (1999), as part of the Criminal Code. *See* Recodification of Children's Code, ch. 138, sec. 22, 1987 Sess. Laws 817.

When originally enacted, the "contributory delinquent law" prescribed punishment for "designated persons who are responsible for, or contribute to, the delinquency of a delinquent child or a juvenile delinquent person." *See Gibson,* 44 Colo. at 601, 99 P. at 333. The stated purpose of the "delinquent children law," also enacted in 1903, was to "furnish, through agencies of the state, for delinquent children that care, custody, and discipline which shall approximate, as nearly as may be, that which should be given by their parents." *See id.* In the early 1900s, contributing to the delinquency statutes were designed as an "attempt to save children from morally corrupting sectors of society until the children were able to fend for themselves." *See* Glenn W. Soden, Comment, *Contributing to Delinquency: An Exercise in Judicial Speculation,* 9 Akron L.Rev. 566, 567 (1976).

In *Gibson,* we stated that the avowed purpose of the contributing to the delinquency of a minor statute "is praiseworthy[,] and an intelligent and wise exercise of the powers it confers is calculated to develop the good qualities of children to the benefit of organized society." *Gibson,* 44 Colo. at 601–02, 99 P. at 334. The overriding purposes of the Children's Code have not substantially changed since that case: to preserve and strengthen family ties while securing a child's welfare, to draw a distinction between adults and children who violate the law, and to protect and rehabilitate juveniles who violate the law. *See Nicholas v. People,* 973 P.2d 1213, 1217 (Colo.1999).

The legislature's intent in enacting Colorado's contributing to the delinquency of a minor statute instructs our decision that the culpable mental state of "knowingly" does not apply to the statute's age element. The statute's purpose is the protection of minors. In analogous circumstances, the defendant's awareness of the victim's age is not the focus of the statute's mens rea requirement. The legislature holds the defendant responsible for the offense if the defendant engaged in the prohibited conduct and the victim's age fell within the statutorily defined age element. *See, e.g., People v. Deskins,* 927 P.2d 368, 372–73 (Colo.1996) (holding that defendant did not need to know that child was in vehicle to be convicted of reckless child abuse when defendant's car struck that vehicle); *People v. Davis,* 935 P.2d 79, 86 (Colo.App. 1996) (finding no indication that the General Assembly intended to require a defendant to have knowledge of age of victim to be charged with a crime against an at-risk adult); *People v. Metcalf,* 926 P.2d 133, 138 (Colo.App.1996) (holding that offender does not need to know custody order exists for offense of violation of custody order because such an interpretation furthers purpose of protecting children and society from violation of court orders); *People v. Suazo,* 867 P.2d 161, 169–70 (Colo.App.1993) (concluding that plain language of assault on elderly statute does not require defendant to know that victim was sixty years of age or older).

### C. Affirmative Defense

██ The General Assembly has also provided an affirmative defense of reasonable belief, which we hold applies to the contributing to the delinquency of a minor statute. Section 18–3–406 states:

(1) If the criminality of conduct depends on a child's being below the age of eighteen and the child was in fact at least fifteen years of age, it shall be an affirmative defense that the defendant reasonably believed the child to be eighteen years of age or older.

(2) If the criminality of conduct depends upon a child being below the age of fifteen, it shall be no defense that the defendant did not know the child's age or that he reasonably believed the child to be fifteen years of age or older.

The court of appeals utilized this affirmative defense in its statutory construction analysis to hold that the mens rea for the crime of contributing to the delinquency of a minor did not apply to the age element. In response to the court of appeals analysis, the defendants argue that this affirmative defense, located in Article 3 of the Criminal Code, does not apply to the offense of contributing to the delinquency of a minor, located in Article 6 of the Criminal Code.

In construing the affirmative defense, however, we look first to the plain language of the statute. *See, e.g., People v. McNeese,* 892 P.2d 304, 310 (Colo.1995). Section 18–3–406 applies when the "criminality of conduct depends upon a child" being a certain age. "Criminality" is defined as "the state or quality of being criminal" and "an act or practice that constitutes a crime." *Black's Law Dictionary* 381 (7th ed.1999). Under the contributing to the delinquency of a minor statute, a defendant's conduct is criminal because the defendant induced, aided, or encouraged a minor to violate some type of law, ordinance, or court order. *See* § 18–6–701. The fact that the person being induced, aided, or encouraged is a minor brings the defendant within the proscriptions of the contributing to the delinquency of a minor statute. Thus, we hold that the affirmative defense of section 18–3–406 applies to section 18–6–107.

While we agree with the court of appeals that the affirmative defense of 18–3–406 is applicable to the offense of contributing to the delinquency of a minor, we disapprove of its reasoning that "§ 18–3–406(1) manifested a clear legislative intent that the culpable mental of 'knowingly' does not apply to the age of the victim." *Gorman*, 983 P.2d at 93 (adopting reasoning of *People v. Bath*, 890 P.2d 269, 271 (Colo.App.1994)). Proof of an affirmative defense is separate and distinct from proof of the elements of an offense. To raise the issue of an affirmative defense, the defendant must "present some credible evidence on that issue." § 18–1–407(1), 6 C.R.S. (1999). Once the defendant raises the issue, "the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense." § 18–1–407(2), 6 C.R.S. (1999); *see also People v. Saavedra–Rodriguez*, 971 P.2d 223, 228 (Colo.1999) (stating that " 'some credible evidence,' an alternative statement of the 'scintilla of evidence' standard, is necessary to present an affirmative defense").

In both of these cases, the defendants did not raise an affirmative defense sufficient to meet the defendants' initial burden. Thus, the trial court did not give jury instructions in either case on the affirmative defense of reasonable belief stated in section 18–3–406. In *Gorman*, the court of appeals noted that Gorman never "raised or referenced the affirmative defense" and concluded that the trial court's failure to give such an instruction *sua sponte* was not plain error. *Gorman*, 983 P.2d at 95. It based its ruling on a lack of evidence in Gorman's case to support the affirmative defense. *See id.* This issue is not before us on certiorari, and we do not consider it. In *Hastings*, Angelina, the minor, was below the age of fifteen. Thus, in accordance with section 18–3–406(2), the affirmative defense as to reasonable belief of age was not available to Hastings.

The existence of an affirmative defense does not change the burden of the prosecution to prove beyond a reasonable doubt all elements of the offense. The contributing to the delinquency of a minor statute requires the prosecution to prove that the person whom the defendant knowingly induced, aided, or encourage to violate a law, ordinance, or court order was a minor at the time of the offense, but the prosecution need not prove that the defendant knew the person was a minor. The trial court did not err in so instructing the juries in the cases before us.

### III.

Accordingly, we affirm the judgment of the court of appeals in both cases.