The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Juan R. VASALLO–HERNANDEZ,
Defendant–Appellant.

No. 94CA1136.

Colorado Court of Appeals,
Div. IV.

Oct. 26, 1995.

Rehearing Denied Dec. 7, 1995.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Juan Vasallo–Hernandez, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of one count of criminal impersonation, as well as several traffic offenses, including driving under the influence of alcohol. Defendant appeals only the criminal impersonation conviction. We reverse that conviction and remand for a new trial.

### I. Jury Instruction regarding Date of Offense

Defendant was charged by information with one count of criminal impersonation alleged to have occurred "on the 25th day of April 1993." He filed written notice indicating that he intended to assert a defense of voluntary intoxication.

At trial, evidence was introduced establishing that defendant was stopped for a minor traffic offense on April 25, 1993. He was unable to produce his license, registration, or proof of insurance and, after performing a series of roadside maneuvers unsatisfactorily, was arrested for driving under the influence. Defendant misidentified himself to the officer as "Alberto Contreras" and, later, as "Alberto Contreras Ramirez." In addition, evidence was introduced without objection establishing that, when defendant bonded out of jail on April 27, 1993, he signed the bond papers using the fictitious name under which he had been arrested.

The trial court submitted the proposed jury instructions to the prosecution and defense, including an elemental instruction for criminal impersonation which stated that one of the elements was that the defendant committed the offense "at or about the date and place charged." After this instruction was read to the jury, the prosecution argued that, in addition to the misidentification of April 25, 1993, the jury could convict defendant based on the fictitious identity he maintained when signing the bond document on April 27, 1993.

Following further argument by counsel, defendant requested that the jurors be instructed that they could base their verdict only on the defendant's conduct of April 25, 1993. The court rejected defendant's request, reasoning that the date charged was not material because the information charged the offense occurred "on or about" the specified date. Although defendant pointed out that in fact that precise language was not used in the information, the court again refused defendant's request.

### A.

Defendant argues that the trial court committed reversible error by instructing the jury that it could find him guilty of criminal impersonation based on conduct occurring on a day other than that charged in the information. We agree.

As an initial matter, we reject the prosecution's argument that defendant waived any objection to the instruction by failing to object to testimony regarding the events of April 27, 1993. At that point in the trial the erroneous instruction had not yet been tendered. Therefore, defendant had no obligation to object to evidence which he was entitled to assume could not provide the basis for a guilty verdict premised on the allegations in the information.

Here, without objection by the People, the trial court considered the merits of defendant's objection without ruling it untimely. Hence, under the unique circumstances of this case, we conclude that defendant's objection was timely. In addition, at the time the objection was made, the jury had not yet retired with the instructions and the court still could have taken corrective action had it perceived error. We therefore conclude that defendant preserved the objection.

### B.

A variance between the specific date of the offense as alleged in the information and the date as proved at trial is reversible error if the defendant shows that his ability to defend against the charge was impaired. *People v. Adler,* 629 P.2d 569 (Colo.1981).

Here, because of the language used in the jury instruction, it is impossible to determine upon what conduct the jury based its verdict or if the jury was unanimous on the same offense. Relying on the information, defendant consistently sought to defend against the criminal impersonation charge by establishing that he was intoxicated on April 25, 1993, conceding the charge of driving under the influence in the process. Also, in reliance upon the specific charge in the information, defendant made no effort to challenge the testimony relating to the events of April 27, 1993.

Because the defendant was indisputably sober when he posted bond using a fictitious name on April 27, 1993, his intoxication defense would have been ineffective against a charge based on that conduct. Accordingly, because defendant only defended against the charge as it related to one of the two dates for which he may have been convicted, he was prejudiced such that the variance was reversible error.

## II. Failure to Instruct Jury on Lesser Included or Lesser Non-included Offense

Because it may arise on retrial, we address defendant's argument that the trial court erred by refusing to instruct the jury that the misdemeanor offense of false reporting to authorities is either a lesser included or a lesser non-included offense of criminal impersonation. We are not persuaded.

An offense is a lesser included offense if it requires proof of the same or fewer than all the facts of the charged offense. A lesser non-included offense is an offense less serious than the charged offense which arises from the same facts but contains at least one element different from the original charge. The jury may not be instructed on either type of lesser offense unless there is a rational basis for the jury to acquit on the original charge and convict on the lesser. *People v. Skinner*, 825 P.2d 1045 (Colo.App.1991).

Defendant was charged with criminal impersonation under § 18-5-113(1), C.R.S. (1986 Repl.Vol. 8B), which provides, in pertinent part:

A person commits criminal impersonation if he knowingly assumes a false or fictitious identity or capacity, and in such identity or capacity he:

. . . .

(e) Does any ... act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another.

The statute prohibiting false reporting to authorities on which defendant requested a jury instruction, § 18-8-111(1), C.R.S. (1986 Repl.Vol. 8B) provides, in pertinent part:

A person commits false reporting to authorities, if:

. . . .

(c) He makes a report or knowingly causes the transmission of a report to law enforcement authorities pretending to furnish information relating to an offense or other incident within their official concern when he knows that he has no such information or knows that the information is false.

Unlike the charged crime of criminal impersonation, the offense of false reporting to authorities requires proof of an additional fact: the making or transmission of a report to law enforcement authorities. Hence, defendant was not entitled to a lesser included offense instruction for the offense of false reporting.

Nor was he entitled to a lesser non-included offense instruction under these circumstances. Although no Colorado decision has defined the phrase "makes a report" as used in the false reporting statute, a common sense reading of the statute makes clear that it describes the initiation of affirmative action intended to communicate information. Thus, while it is possible that there may be cases in which the circumstances are such that false reporting to authorities is a lesser non-included offense of criminal impersonation, there is no evidence in the record supporting such an instruction here.

The judgment is reversed and the cause is remanded for a new trial.

NEY and KAPELKE, JJ., concur.