751 So.2d 627 (1999)
Richard QUINN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4260.
District Court of Appeal of Florida, Fourth District.
December 1, 1999.
*628 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Richard Quinn appeals his conviction for failure to register as a sex offender. We affirm.
Quinn argues section 943.0435, Florida Statutes (Supp.1998) is facially unconstitutional because it fails to contain a scienter or guilty knowledge element.[1] While the presence of a mens rea or guilty mind has long been a requirement of criminal responsibility, legislative bodies have the power to dispense with the element of intent and punish particular acts without regard to a malicious or wrongful mental attitude. See United States v. Freed, 401 U.S. 601, 607, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). This principle was recognized in United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922), in which Chief Justice Taft addressed a defendant's claim he did not know that drugs he sold were covered by a federal act, and concluded: "Congress weighed the possible injustice of subjecting an innocent seller to a penalty against the evil of exposing innocent purchasers to danger from the drug, and concluded that the latter was the result preferably to be avoided." Id. at 254, 42 S.Ct. 301.
Chief Justice Taft's reasoning is equally applicable here. We conclude the Florida legislature weighed the possible injustice of subjecting an innocent unregistered offender to a penalty against the evil of exposing innocent citizens to danger from repeat sexual offenders, and concluded the latter was the result preferably to be avoided.
Because section 943.0435 is a regulatory statute, we find Quinn's second point equally unpersuasive.
AFFIRMED.
WARNER, C.J., and GROSS, J., concur.
NOTES
[1] Quinn's reliance on Lambert v. People, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) is misplaced because that case addressed an "as applied" challenge to a felon registration ordinance. See id. at 226-27, 78 S.Ct. 240.