ON MOTION FOR REHEARING OR CERTIFICATION

PER CURIAM.
In his motion for rehearing or certification, appellant contends that we “overlooked the fact that the controlling case, Giorgetti v. State, 821 So.2d 417 (Fla. 4th DCA 2002), is presently pending on review before the Florida Supreme Court.” We find that Giorgetti is distinguishable from the situation presented here.
Appellant was convicted after a non-jury trial of failing to report a change of address as a sexual offender within forty-eight hours of a residence change, contrary to sections 943.0435(4) and 944.607(9), Florida Statutes (2001).
At the trial, the court was presented with Quinn v. State, 751 So.2d 627 (Fla. 4th DCA 1999). The judge noted that Quinn held that section 943.0435 was not facially unconstitutional because it failed to contain a scienter or guilty knowledge re *101 quirement. Id. at 628. Quinn did not address the “entirely separate issue as to whether the court should nevertheless read such a requirement into the statute.” Giorgetti, 821 So.2d at 419.
Giorgetti was a case where the trial court instructed the jury that the state was not required to prove scienter or guilty knowledge to obtain a conviction for a section 948.0435 violation. There is no indication that the trial court decided this case based on an erroneous determination that no “broadly applicable guilty knowledge requirement” was applicable. Id. at 421. In fact, there was evidence that appellant had notice of the reporting requirements. Appellant was convicted of not reporting a change of address that occurred in March 1999. Records produced at trial demonstrated that he had registered with the Department of Motor Vehicles as a sexual offender on July 14, 1998, evidence that appellant was aware of the registration requirement.
The motion for rehearing or certification is denied.
POLEN, C.J., KLEIN and GROSS, JJ., concur.