24CA0095 Peo v Cruickshank 06-11-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0095
Douglas County District Court No. 19CR233
Honorable Ryan J. Stuart, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ryan Robert Cruickshank,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE SCHUTZ
Lipinsky and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

---

Philip J. Weiser, Attorney General, Alexandra M. Taylor, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Springer and Steinberg, P.C., Stephen M. Burstein, Taylor Ivy, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Ryan Robert Cruickshank, appeals the judgment of conviction entered against him for felony driving while ability impaired (DWAI).  We affirm the judgment.

## I.    Background and Procedural History

¶ 2    In February 2019, shortly after midnight, Deputy Matthew Bach observed an SUV travelling southbound at a speed that appeared faster than the speed limit.  Bach initiated a traffic stop after the SUV's driver — Cruickshank — almost hit another car. Cruickshank failed to pull over after Bach turned on his overhead lights and siren.  Cruickshank eventually stopped the SUV when he pulled into a driveway of a residence that was later determined to be the same address that the SUV was registered to.

¶ 3    Cruickshank was subsequently charged with (1) felony driving under the influence (DUI) — fourth or subsequent offense; (2) eluding a police officer; (3) reckless driving; and (4) speeding.

¶ 4    The complaint and information (complaint) alleged the following new charge and three prior convictions in support of the felony DUI charge:

1

> On or about February 5, 2019, Ryan Robert Cruickshank unlawfully and feloniously drove or operated a motor vehicle or vehicle while under the influence of alcohol or drugs or both.
>
> Further, [Cruickshank] had been previously convicted of DUI on 9/28/2006, in the Douglas County Court, in case number 06T4612.
>
> Further, [Cruickshank] had been previously convicted of DWAI on 1/26/1993, in the Adams County Court, in case number *03T1095*.
>
> Further, [Cruickshank] had been previously convicted of DUI on 5/18/1995, in the Denver County Court, in case number 94C414469; in violation of section[] 42-4-1301(1)(a), C.R.S [2025].

(Emphasis added.) We refer to the prior convictions as the 2006 conviction, the 1993 conviction, and the 1995 conviction, respectively.

¶ 5    The matter was set for a three-day jury trial. A month before the trial, the prosecution moved to amend the complaint to change the case number of the 1993 conviction from 03T1095 to 93T1095. The trial court granted the motion.

¶ 6    At trial, the parties disputed the conflicting evidence related to the 1993 conviction, specifically the discrepancies regarding

2

whether Cruickshank was convicted in January or July 1993.
During a jury instruction conference, the prosecution proposed a
modification to the special interrogatory that asked the jury
questions about the 1993 conviction. The proposed modification
stated that the 1993 conviction occurred within "a range between
that January 26th date and the July 26th date of 1993."

¶ 7     Defense counsel objected to the proposed modification on the
basis that it functioned as a constructive amendment that
prejudiced Cruickshank.

¶ 8     The trial court denied the prosecution's motion after finding
that the conviction date was not an element of felony DUI and that
the prosecution's case turned on whether Cruickshank "had three
or more prior convictions for driving under the influence, driving
under the influence per se, or driving while ability impaired." *See*
§ 42-4-1301(1)(j). Thus, the court reasoned, the specific dates of
the prior convictions were irrelevant, and the proposed modification
was therefore superfluous.

¶ 9     During the jury instruction conference, Cruickshank's counsel
argued that the special interrogatory listing each prior conviction
should include the language as alleged in the complaint. The trial

court disagreed, concluding that the special interrogatory (for each alleged prior conviction) would simply list the county and case number for each offense. Thus, the special interrogatory for each of the respective felonies referred simply to the types of qualifying offenses, the county where each case was filed, and the associated case numbers.

¶ 10　The jury acquitted Cruickshank on the felony DUI count but found him guilty of the lesser included offense of felony DWAI, careless driving, and speeding. The court sentenced him to four years of probation on the felony DWAI count and stayed the execution of his jail sentence on the other charges.

## II.　Sufficiency of the Evidence

¶ 11　On appeal, Cruickshank contends that the prosecution did not present sufficient evidence to prove that he was the same individual who committed the 1993 and 1995 convictions, and therefore, there was insufficient evidence to sustain his felony DWAI conviction. We are unpersuaded.

### A.　Additional Facts

¶ 12　At trial, the prosecution called Sergeant Mark O'Harold to testify about Cruickshank's past convictions. During his direct

examination, O'Harold testified about the documents he used to link Cruickshank to the prior convictions:

- Exhibit 16, a certified official record from the Colorado Department of Revenue — Division of Motor Vehicles (DMV). The certified record stated that Cruickshank had been convicted of driving under the influence of alcohol, drugs, or both in 1993, 1995, and 2006.[1] The record also set forth detailed personal information related to Cruickshank, including his name, address, date of birth, gender, weight, height, hair and eye color, and the last four digits of his social security number, and it included a photograph.

---

[1] At oral argument, Cruickshank's counsel argued that the Department of Revenue record was unreliable because a 1993 statute — which does not appear in the record and was not incorporated into the jury instructions — treated some traffic violations as convictions if the defendant failed to appear. But in addition to lacking record support, the argument was not contained in Cruickshank's briefs, so we do not address it. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990) (it is axiomatic that we do not address arguments not addressed in the appellant's opening brief), *abrogated on other grounds by, Rojas v. People*, 2022 CO 8.

- Exhibit 17, a stamped, sealed, and signed copy of the sentencing order from the Adams County court related to the 1993 conviction.

- Exhibit 18, a stamped and certified copy of documents from the City and County of Denver related to the 1995 conviction.

- Exhibit 19, signed and sealed court documents from Douglas County related to the 2006 conviction.

¶ 13    Cruickshank argues that these documents were insufficient to prove that he committed three prior DUI or DWAI offenses because they contain inconsistencies regarding his marital status (separated in 1993 versus married in 2006); his full name (Ryan Cruickshank versus Ryan Robert Cruickshank or Ryan R. Cruickshank); and variations in his weight (160 pounds for the 1995 conviction, 175 pounds for the 2006 conviction, and 180 pounds on the DMV record regarding the 2019 charge).  He also notes that the exhibits reflected a different case number and date of conviction for the 1993 conviction and a different offense (DUI versus DWAI) for the 1995 conviction than what was alleged in the complaint.

¶ 14 These discrepancies are at the core of Cruickshank's challenge to the sufficiency of the evidence regarding his felony DWAI conviction and his constructive amendment contentions.

## B. Applicable Law

### 1. Standard of Review

¶ 15 We review de novo whether the prosecution presented sufficient evidence to sustain a conviction. *Gorostieta v. People*, 2022 CO 41, ¶ 16. "In doing so, we employ a substantial evidence test," asking "whether the evidence, 'viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.'" *Id.* (citation omitted).

### 2. Determining Sufficiency of the Evidence

¶ 16 When analyzing the sufficiency of the evidence, we recognize that it is the fact finder's province "to determine the difficult questions of witness credibility and the weight to be given to conflicting items of evidence." *People v. Kessler*, 2018 COA 60, ¶ 12. "[I]f there is evidence upon which one may reasonably infer an element of the crime, the evidence is sufficient to sustain that

7

element." *Id.* (citation omitted). Finally, if reasonable minds could reach different conclusions concerning the defendant's guilt, the evidence is sufficient to sustain the conviction. *Id.*

### 3. Proof of Identification for Prior Convictions

¶ 17 To prove a defendant's identity with respect to prior convictions in a felony DWAI case, the prosecution must establish an essential link between the prior conviction and the defendant, which requires the prosecution to present "some documentary evidence" combined with specific corroborating evidence of identification connecting the defendant to the prior felony conviction. *Gorostieta*, ¶ 26.

¶ 18 The means of proving prior DWAI convictions are also addressed by section 42-2-121(2)(c)(II)(C), C.R.S. 2025, which provides as follows:

> [A]ll official records and documents of the state of Colorado . . . shall be admissible in all municipal, county, and district courts within the state of Colorado without further foundation, shall be statutory exceptions to rule 802 of the Colorado [R]ules of [E]vidence, *and shall constitute prima facie proof of the information contained therein,* if such record or document is accompanied by a certificate stating that the executive director of the [DMV] or the executive director's appointee has

> custody of such record or document and is
> accompanied by and attached to a cover page
> which:
>
> . . . .
>
> (C) Bears the official seal of the [DMV] or a
> stamped or printed facsimile of such seal.

(Emphasis added.)

¶ 19    The supreme court has articulated a nonexhaustive list of the type of corroborative evidence that "might be helpful in establishing that the defendant committed the prior crime," including — as relevant here — (1) evidence specifically identifying the defendant; (2) unique personal identifiers, including a driver's license or social security number; (3) a physical description from a prior case that can be compared to the defendant in the current case; and (4) an authenticated copy of the record of former convictions and judgments of any court of record for any of the prior crimes. *Gorostieta*, ¶ 27; *see also* § 18-1.3-802, C.R.S. 2025 ("[A] duly authenticated copy of the record of former convictions and judgments of any court of record for any of said crimes against the party indicted or informed against shall be prima facie evidence of

such convictions and may be used in evidence against such party.").

### 4. Proof of Felony DUI or DWAI

¶ 20　DWAI and DUI are generally misdemeanor offenses. § 42-4-1301(1)(a)-(b). But they are elevated to a felony upon proof that the defendant — as relevant here — was previously convicted of three or more prior instances of DUI or DWAI. *Id.* In a case alleging felony DUI or DWAI, "[t]he prosecution shall set forth such prior convictions in the indictment or information." § 42-4-1301(1)(j).

### C. Analysis

¶ 21　Cruickshank contends that the evidence, viewed in the light most favorable to the People, was insufficient to establish that he committed the 1993 and 1995 convictions. We disagree.

¶ 22　With respect to the 1993 conviction, Cruickshank argues that the following deficiencies prevented a reasonable juror from concluding that he committed that offense:

- The conviction did not show up on a search in the National Crime Information Center[2] and Colorado Crime Information Center databases.

- At the time of the conviction, Cruickshank was seventeen years old, but the record stated his marital status was separated.

- The only physical description of the convicted party was "Caucasian male."

- The prosecution did not introduce fingerprint evidence.

¶ 23    And even if the identification evidence was sufficient, Cruickshank argues that the evidence was not clear as to whether the 1993 conviction was entered on January 26 or July 26, 1993.

¶ 24    Cruickshank identifies the following inconsistencies regarding the 1995 conviction:

- The physical description of the convicted party is "Caucasian Male, 5′11″, 160 lbs., Brown hair/eyes," but

---

[2] At trial, Officer O'Harold testified that the National Crime Information Center's database only lists convictions for a defendant if the defendant was fingerprinted as a part of the arrest or resulting court proceedings. The record does not indicate whether Cruickshank was fingerprinted at any time relevant to this case.

11

Cruickshank's 2019 DMV record describes him as a "Male, 5′10″, 180 lbs., Brown hair/eyes."

- Nothing linked the guilty plea to DWAI underlying the 1995 conviction to Denver County Court Case No. 94C414469 shown in the complaint.

¶ 25    Cruickshank leans heavily on the decision from a division of this court in *People v. Herold*, 2024 COA 53. In *Herold*, the division held that "a match between the defendant's name and date of birth and those of the individual with the prior conviction, '*without more*,'" is generally insufficient to prove the defendant committed the prior DUI or DWAI conviction. *Id.* at ¶ 17 (quoting *Gorostieta*, ¶ 28).

¶ 26    While that is an accurate reading of *Herold*, Cruickshank fails to acknowledge the key categories of evidence that were introduced into evidence in this case but not in *Herold*. Apparently unlike in *Herold*,[3] in this case, the prosecution introduced the DMV record that directly tied the three qualifying convictions to Cruickshank.

---

[3] *People v. Herold*, 2024 COA 53, contains no mention of the defendant's DMV record being admitted at trial and does not cite section 42-2-121(2)(c)(II)(C), C.R.S. 2025.

Recall that under section 42-2-121(2)(c)(II), a certified DMV record constitutes prima facie proof of the evidence contained in that record.  And the record directly established that Cruickshank was convicted of three prior DUI or DWAI offenses.

¶ 27     It is true, as Cruickshank notes, that some of the court records contained inconsistent information regarding Cruickshank's height (5′10″ versus 5'11″) and weight (ranging between 160 and 180 pounds over a fifteen-year period).  But the one-inch height difference is of no consequence, and the twenty-pound weight variation over the course of fifteen years is neither unusual nor remarkable.  To the extent these variations created a factual dispute regarding the identification of Cruickshank as the perpetrator, those disputes were for the jury to resolve.  *See Kessler*, ¶ 12.  And a reasonable juror could have concluded these variations were inconsequential.  *See id.*

¶ 28     Moreover, contrary to Cruickshank's argument, exhibit 18 — the certified copy of documents relating to the 1995 conviction — directly linked him to that case.

¶ 29     As for the 1993 conviction, the prosecution presented additional evidence to connect Cruickshank to the case.  First, that

conviction is listed on Cruickshank's DMV record, which clearly reflects that he was convicted of DWAI in Adams County in 1993. As the trial court correctly noted, it is of no consequence whether the convictions were entered in July or January of 1993. The DMV record also contained Cruickshank's name, his address, his date of birth, the last four digits of his social security number, a physical description of him, his driver's license number, and his signature. This evidence was sufficient to establish that Cruickshank was the defendant in the 1993 conviction. *See Gorostieta*, ¶ 27.

¶ 30    Cruickshank was also present in person at trial so the jury could compare his appearance to the description provided in the DMV record. *See id.* at ¶ 8 ("Gorostieta was present at the trial of the . . . charge now at issue, and thus the jury was able to observe him and compare his physical appearance to the description in the records from the prior case.").

¶ 31    In addition to the DMV record, the prosecution provided testimony from the arresting officers at trial that Cruickshank was the same person whom they arrested in 2019 and that the residence Cruickshank pulled into on the night of the arrest was the same one that was listed on his driver's license.

¶ 32     Critically, although the exhibits reflected some minor inconsistencies concerning the details of the 1993 and 1995 convictions in terms of the case numbers, types of charges, and conviction dates, none of these inconsistencies went to the essential elements of felony DUI or DWAI — whether Cruickshank was previously convicted of three separate instances of DUI or DWAI. *See Linnebur v. People*, 2020 CO 79M, ¶ 31 ("[W]e conclude that the General Assembly intended for the fact of prior convictions to be treated as a substantive element of felony DUI to be tried to a jury and found beyond a reasonable doubt . . . ."), *abrogated on other grounds by*, *People v. Crabtree*, 2024 CO 40M.  The existence of those convictions was overwhelmingly supported by the evidence. *See Kessler*, ¶ 12.  And to the extent the inconsistencies raised any legitimate issues concerning the credibility of the evidence demonstrating the prior convictions, those disputes were for the jury to resolve.  *See id.*

¶ 33     Because the prosecution met its obligation to provide "some documentary evidence," as well as sufficiently specific corroborating evidence of Cruickshank's identity, *Gorostieta*, ¶ 26, we reject

Cruickshank's assertion that there was insufficient evidence to sustain his felony DWAI conviction.

## III. Constructive Amendment

¶ 34    Cruickshank contends that the trial court's wording of the special interrogatory relating to the prior convictions amounted to a constructive amendment. Because we conclude that the special interrogatory amounted to, at most, a harmless simple variance rather than a constructive amendment, we reject Cruickshank's contention.

### A. Standard of Review and Applicable Law

¶ 35    We review de novo whether a variance occurred. *People v. Deutsch*, 2020 COA 114, ¶ 22.

¶ 36    Colorado recognizes two variance types, a simple variance and a constructive amendment. *Campbell v. People*, 2020 CO 49, ¶ 45. A simple variance occurs when "the charged elements are unchanged, but the evidence presented at trial proves facts materially different from those alleged in the indictment." *Deutsch*, ¶ 25 (citation omitted). We review preserved simple variance claims for harmless error. *See Hagos v. People*, 2012 CO 63, ¶ 12. Reversal is not required for a simple variance "as long as the proof

upon which the conviction is based corresponds to an offense that was clearly set out in the charging instrument." *Campbell*, ¶ 45.

¶ 37    In contrast, a constructive amendment occurs when a jury instruction "changes an essential element of the charged offense and thereby alters the substance of the charging instrument." *Bock v. People*, 2024 CO 61, ¶ 14 (quoting *People v. Rediger*, 2018 CO 32, ¶ 48). A constructive amendment violates the defendant's constitutional right to due process because it "subjects the defendant to the risk of conviction for an offense that was not originally charged." *People v. Hoggard*, 2017 COA 88 ¶ 27, *aff'd on other grounds*, 2020 CO 54. Thus, we review a preserved constructive amendment claim under the constitutional harmless error standard. *See Hagos*, ¶ 11.

### B.    Analysis

¶ 38    At trial, the court gave the following instruction to the jury regarding whether the prosecution had proved Cruickshank's prior DUI and DWAI convictions:

> If you find Mr. Cruickshank not guilty of
> Driving Under the Influence and of Driving
> While Ability Impaired, disregard this question.
> If you find Mr. Cruickshank guilty of either
> Driving Under the Influence with Three or

More Prior Offenses or Driving While Ability Impaired with Three or More Prior Offenses in this case, you must answer the following interrogatory by placing an "X" in the appropriate squares.

We, the jury, unanimously and beyond a reasonable doubt, find that the defendant has the following prior convictions arising out of separate and distinct criminal episodes for Driving Under the Influence, Driving Under the Influence per se, Driving While Ability Impaired, or any combination thereof:

i. Adams County, Colorado, Case Number 1993T1095.

[ ] Yes [ ] No

ii. Denver County, Colorado, Case Number 1994C414469.

[ ] Yes [ ] No

iii. Douglas County, Colorado, Case Number 2006T4612.

[ ] Yes [ ] No

¶ 39    At the jury instruction conference, defense counsel objected to the special interrogatory because it deviated from the complaint which included both the case number and conviction date for each prior offense. The court decided that the special interrogatory did not need to reference the date of conviction or similar case details because they were not part of the elements of felony DUI or DWAI.

18

¶ 40    Cruickshank argues that this modification functioned as a constructive amendment because the alteration (1) impermissibly lowered the prosecution's burden by expanding the original charge and thus (2) prejudiced Cruickshank because, absent the modification, he would have challenged the prosecution's case differently.  He particularly notes that the distinction between the July 26 and January 26 dates for the 1993 conviction and inconsistencies in the details of the other convictions were central to his theory of defense.

¶ 41    The People reason that the modified special interrogatory was a simple variance rather than a constructive amendment because the date of the prior felony convictions and similar details were not an element of felony DUI or DWAI and did not materially alter the substance of the charged offense.  Moreover, the People argue, the complaint provided Cruickshank with adequate notice of the prior convictions the prosecution intended to rely on to support the felony DUI or DWAI charge.  *See* § 42-4-1301(1)(j).

¶ 42    For there to be a constructive amendment, the modification must change an essential element of the offense in such a way that it also alters the substance of the charging document.  *Bock*, ¶ 14.

Here, the court limited the jury interrogatory to define the type of qualifying offenses required under the felony DUI and DWAI statute, the county in which the alleged prior offenses occurred, and the corresponding case number. Nothing in the statute that governs felony DUI and DWAI convictions requires the prosecution to prove the date of a conviction. *See Linnebur*, ¶ 31. The prosecution was only required to prove that Cruickshank had three prior convictions for qualifying offenses.

¶ 43 While in other contexts, the date of conviction may be a necessary element of the defense, in this instance, it was not. *Cf. People v. Lopez*, 140 P.3d 106, 110 (Colo. App. 2005) (explaining that a date-related variance was material and prejudicial because the defendant's failure to register in a timely manner for the sex offender registry was the material issue related to the defendant's defense).

¶ 44 For similar reasons, we are unpersuaded by Cruickshank's reference to Colorado's habitual criminal statute. *See* § 18-1.3-801, C.R.S. 2025. In the habitual criminal context, the General Assembly expressly required the prosecution to prove the date of the prior felony offenses. *See* § 18-1.3-803(2), C.R.S. 2025 ("An

information or indictment seeking the increased penalties authorized by section 18-1.3-801 shall identify by separate counts each alleged former conviction and shall allege that the defendant on a date and at a place specified was convicted of a specific felony."). Under the felony DUI and DWAI statute, in contrast, the prosecution need only prove the existence of the prior qualifying convictions, not the dates the convictions were entered. § 42-4-1301(1)(b). The differences between the two statutes demonstrate that the General Assembly knows how to require a specific date of conviction when it intends such a requirement. The General Assembly's decision not to include that requirement in the felony DUI and DWAI statute reinforces the conclusion that the requirement does not exist in that statute. *See People v. Griffin*, 397 P.3d 1086, 1089 (Colo. App. 2011) (If the legislature intends a certain interpretation, "it certainly [knows] how to say so.").

¶ 45    Furthermore, we are unpersuaded that Cruickshank was prejudiced by the special interrogatory because it impacted a theory of defense he selected. The decision to focus on the details surrounding the prior convictions was a strategic choice made by Cruickshank's counsel. But these details did not impact the

elements of the felony DUI or DWAI charge. To establish the alleged prior convictions, the prosecution was only required to prove that Cruickshank was convicted on three prior occasions of DUI or DWAI. It was not required to prove the date of the prior convictions or whether the prior convictions involved DUI rather than DWAI.

¶ 46    And for similar reasons, even if we assume that the differing details between the charging instrument and special interrogatory rose to the level of a simple variance, those details did not substantially influence the verdict or affect the fairness of the proceedings. *See Hagos*, ¶ 12 (outlining the harmless error standard). The complaint was sufficient to place Cruickshank on notice of the prior convictions that the prosecution intended to prove. *See* § 42-4-1301(1)(j). Indeed, aside from a conclusory sentence or two, Cruickshank fails to explain how the discrepancies between the detailed allegations of the complaint and the special interrogatory prejudiced his defense. And we do not address undeveloped arguments. *See People v. Relaford*, 2016 COA 99, ¶ 70 n.2 ("We do not consider bare or conclusory assertions presented without argument or development."). Thus, we discern no reversible error.

## IV.   Disposition

¶ 47     The judgment is affirmed.

JUDGE LIPINSKY and JUDGE GRAHAM concur.